UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A. SEYMOUR, et al.,

    Plaintiffs,

    v.

LARRY W. GODWIN, et al.,

    Defendants.
_____/

No. C 09-0169 PJH

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    The parties' motions for summary judgment came on for hearing before this court on March 24, 2010. Plaintiffs appeared by their counsel Robert Evans, and defendants appeared by their counsel Colin Hatcher. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiffs' motion, and GRANTS defendants' motion in part and DENIES it in part, as follows for the reasons stated at the hearing.

    Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

    Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can

prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

Plaintiffs are either present or former tenants of an apartment complex owned by defendants Larry W. Godwin and Jean A. Godwin, who do business as Godwin Properties. Among other things, plaintiffs challenge the promulgation and implementation of certain "House Rules" (since revised) pursuant to which children were prohibited from running in the hallways and common areas of the apartment complex, and were required to have adult supervision at all times. The "House Rules" also prohibited the riding of bicycles, skateboards, scooters, skates, tricycles, and big wheels, and the throwing of balls in the common areas.

Plaintiffs allege 13 causes of action, including claims of discrimination, retaliation, and "discriminatory change in terms of tenancy," in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12900, et seq.; a claim of discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. § 3600, et seq.; and claims of discrimination, retaliation, and "discriminatory change in terms of tenancy," under the Unruh Civil Rights Act, California Civil Code § 51.[1] Plaintiffs also allege various state law claims, plus three claims for declaratory relief. They seek compensatory and punitive damages, and declaratory and injunctive relief.

Plaintiffs seek summary adjudication in the form of a finding that the former House Rules were invalid on their face and as applied, because they violate FEHA and the FHA; and that the revised House Rules are invalid on their face and as applied, because they violate FEHA and the FHA. As the court indicated at the hearing, the revised House Rules are not at issue in this case, as the rules were revised after plaintiffs filed the complaint,

---

[1] Some of the causes of action are asserted only by plaintiffs William Seymour and Yvonne Eder.

1   and no amended complaint was ever filed asserting any claims as to the revised rules.  In
2   addition, as the former rules are no longer operative, plaintiffs' claims for injunctive relief
3   are moot.

4   With regard to the former House Rules, while the court agrees that they appear to be
5   discriminatory on their face, because they exclude tenants from amenities based on a
6   protected status (i.e., familial status), plaintiffs did not frame the issues in such a way that
7   the court is able to grant summary judgment as to plaintiffs' claims for discrimination under
8   the FHA or FEHA.

9   If a party makes a showing "that there is no genuine issue of material fact <u>as to</u>
10  <u>particular claim(s) or defense(s)</u>, the court may grant summary judgment in the party's favor
11  'upon all or part thereof.'"  Schwarzer, Tashima & Wagstaffe, <u>Federal Civil Procedure</u>
12  <u>Before Trial</u> (2008) § 14:33 (emphasis added).  "This procedure is commonly referred to as
13  a 'partial summary judgment.'"  <u>Id.</u> § 14:34.  Here, however, plaintiffs did not make a
14  showing as to any single claim or defense.

15  At the hearing, the court indicated that the evaluation of claims of disparate
16  treatment under the FHA requires the application of the <u>McDonnell Douglas</u> shifting
17  burdens test.  Upon reconsideration, however, the court concludes that given plaintiffs'
18  showing of the facial invalidity of the former House Rules, the claim of discrimination under
19  the FHA is instead subject to the test set out in <u>Int'l Union, United Auto., Aerospace & Agric.</u>
20  <u>Implement Workers of Am. v. Johnson Controls, Inc.</u>, 499 U.S. 187, 200-01 (1991)
21  ("Johnson Controls").  <u>See</u> <u>Community House, Inc. v. City of Boise</u>, 490 F.3d 1041, 1048-
22  49 (9th Cir. 2007); <u>see also</u> <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 250 (9th Cir.
23  1997).[2]

24  Under that test, once the plaintiff establishes a prima facie case of intentional

---

[2] The claims under FEHA and the Unruh Act are analyzed under the shifting burdens test.  <u>See</u>, e.g., <u>McDonald v. Coldwell Banker</u>, 543 F.3d 498, 505 (9th Cir. 2008) (FEHA); <u>Green v. Santa Margarita Mortgage Co.</u>, 28 Cal. App. 4th 686, 710-11 (1994) (Unruh Act).  As the court noted at the hearing, neither side addressed the shifting burdens test in their papers.

discrimination "by showing that a protected group has been subjected to explicitly differential – i.e., discriminatory – treatment," the defendant, to avoid liability, must show either that the restriction benefits the protected class, or that it responds to legitimate safety concerns raised by the individuals affected, rather than being based on stereotypes. Id. at 1050.

Here, plaintiffs do not clearly argue that defendants have no evidence to support any claim of justification for the discriminatory rules. Moreover, the court notes that plaintiff did not seek summary judgment as to any particular cause of action. Accordingly, plaintiffs' motion is DENIED.

Defendants do seek summary judgment as to all causes of action alleged by plaintiffs, but, with the exception of the claims asserted under California Civil Code §§ 1942.5 and 1950.5, the court finds that the motion must be DENIED, either because defendants have not articulated the proper standard, or have not met their burden of proof, or because the existence of disputed factual issues precludes summary judgment.

With regard to the claim under Civil Code § 1942.5, Seymour and Eder allege that defendants retaliated against them for complaining about the House Rules and the manner of their enforcement, and for acting to organize other residents at the apartment complex to make similar protests.

Civil Code § 1942.5 provides, in part, that

> [i]f the lessor retaliates against the lessee because of the exercise by the lessee of his rights under this chapter or because of his complaint to an appropriate agency as to tenantability of a dwelling, and if the lessee of a dwelling is not in default as to the payment of his rent, the lessor may not recover possession of a dwelling in any action or proceeding, cause the lessee to quit involuntarily, increase the rent, or decrease any services within 180 days of any of the following:

the date the lessee gives notice pursuant to § 1942, the date the lessee files a written complaint, the date of an inspection of issuance of a citation resulting in such complaint; the date of filing a judicial or arbitral proceeding involving the issue of tenantability; or the date of entry of judgment or arbitration award regarding the issue of tenantability. Cal. Civ. Code § 1942.5(a).

4

Defendants argue that summary judgment must be granted as to this claim because plaintiffs have no evidence of retaliation by defendants against any of them. As noted above, § 1942.5 provides that if the landlord retaliates against a tenant for exercising any of his rights under the chapter of the Civil Code that pertains to rental of real property, then for six months after any of the listed events, the landlord cannot recover possession of the premises, cause the tenant to leave involuntarily, increase the rent, or decrease any services.

The court finds that the motion must be GRANTED. Plaintiffs do not allege that the defendants did any of the things that § 1942.5 prohibits, and do not provide any evidence in support of the claim. Moreover, there is no indication in this chapter of the Civil Code that it protects the rights of tenants to organize other tenants.

With regard to the claim under California Civil Code § 1950.5, Seymour and Eder allege that defendants Godwin and M. Rosales served or caused to be served on them "a purported notice of change of terms and conditions of tenancy" that included a provision that "purported to increase their security deposit to an amount in excess of twice their monthly rent at the inception of their tenancy, and demanded payment of increased security deposit." Cplt ¶ 56.

Civil Code § 1950.5 provides, in part, that

> [a] landlord may not demand or receive security, however, denominated, in an amount or value in excess of an amount equal to two months' rent, in the case of unfurnished residential property, and an amount equal to two months' rent, in the case of furnished residential property, in addition to any rent for the first month paid on or before initial occupancy.

Cal. Civ. Code § 1950.5(c).

Defendants assert that the present monthly rent for the Seymour/Eder apartment is $1250.00, which is the amount of the security deposit. When plaintiffs began renting the unit, the rent was $650.00 (and the security deposit was $650.00). The lease, according to defendants, is a month-to-month lease. Plaintiffs do not dispute these facts.

Even if the security deposit were calculated in comparison with the rent plaintiffs were initially paying, a deposit of $1250.00 is <u>not</u> more than two times the initial monthly

5

rent of $650.00. Thus, at no time were defendants in violation of Civil Code § 1950.5, and summary judgment must be GRANTED as to this claim.

In accordance with the foregoing, plaintiffs' motion is DENIED, and defendants' motion is GRANTED as to the Civil Code § 1942.5 and § 1950.5 causes of action, and DENIED as to all remaining causes of action.

**IT IS SO ORDERED.**

Dated: March 30, 2010

PHYLLIS J. HAMILTON
United States District Judge